IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TITUS THOMAS, | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. AMD-07-461 |
| WARDEN HORNING, | * | |
|     Defendants | | |
| | *** | |

MEMORANDUM

On February 16, 2007, this court received a complaint from Titus Thomas ("Thomas"), an inmate confined at the Maryland Correctional Training Center. Thomas believes he is entitled to the award of 569 double-celling credits and is being denied same.[1] Because Titus's claim for diminution credits affects the duration of his confinement, this action shall be construed as a petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241, notwithstanding its having been docketed as a civil rights complaint filed under 42 U.S.C. § 1983.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). Thomas does not contend that a state remedy is unavailable for his claims. Indeed, a review of the complaint reveals that he has not fully exhausted his remedies as to this issue. According to Thomas, he filed a remedy at the institution level, which was found meritorious in part, but he did not file any further appeal or remedies at the Division of Correction Headquarters or Inmate Grievance Office ("IGO") levels. Therefore, this action must

---

[1] Titus claims that he is entitled to the double-celling credits under *Secretary, Dep't of Public Safety and Correctional Services v. Demby*, 390 Md. 580, 890 A.2d 310 (Md. 2006).

be dismissed for failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate in the custody of the Maryland Division of Correction who wishes to seek the award of diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

> 1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq., to the warden of the institution where he is confined;
>
> 2. Appealing a denial of the request by the warden to the commissioner;
>
> 3. Filing a complaint with the IGO;
>
> 4. Appealing a final decision of the IGO to the circuit court;
>
> 5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the circuit court; and
>
> 6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking a writ of *certiorari* from the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

> 1. Filing a petition for writ of habeas corpus in a circuit court;
>
> 2. Appealing an adverse decision to the Court of Special Appeals;[2] and

---

[2]Although at one time this court interpreted Maryland law as not permitting appeal of a circuit court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of
(continued...)

        3.      Seeking a writ of *certiorari* from the Court of Appeals from an adverse decision by the Court of Special Appeals.

Because Thomas has not fully exhausted and complied with these procedures, his case will be dismissed without prejudice. A separate Order follows.[3]

Date: February 28, 2007                        __/s/_____
                                                        Andre M. Davis
                                                        United States District Judge

---

(...continued)
sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

    [3]The docket does not show that Thomas paid the filing fee or an indigency application. In light of the summary dismissal of the matter, however, he shall not be required to cure this deficiency.